UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MRS. SHELLEY RAE HIGH BEAR, | ) | Civ. 13-4094-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBERT DOOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Shelley Rae High Bear, has filed a motion to restore visitation and two motions to amend or correct her complaint. Dockets 8, 13, 18. In addition to opposing both motions to amend (Dockets 15, 19), defendant, Robert Dooley, filed a motion to dismiss (Docket 9). On January 16, 2014, Dooley moved to withdraw his motion to dismiss. Docket 20. The court will address each pending motion in turn.

I.  **The court denies High Bear's motion to restore visitation.**

High Bear first requests that the court restore her visitation and phone privileges, upon which Dooley has placed permanent restrictions, thereby preventing her from communicating with her incarcerated husband. Docket 8. As noted in the court's order dated October 10, 2013, the Eighth Circuit has consistently held that there is no constitutional right to visitation in prison. *Ware v. Morrison*, 276 F.3d 385 (8th Cir. 2002). "Consequently, in the Eighth Circuit, it appears that prison officials are free to arbitrarily deny visitation,

even indefinitely, with a prisoner's mother, wife, child, or close friend without being subject to federal court scrutiny." *Steinbach v. Branson*, No. 1:05-CV-101, 2007 WL 2985571, at *5 (D.N.D. Oct. 9, 2007). Because "the federal courts will not interfere with the administration of the prison system . . . [a]bsent a deprivation of a constitutional right," *Blake v. Pryse*, 444 F.2d 218, 218 (8th Cir. 1971), the court denies High Bear's motion to restore visitation and phone privileges.

## II. The court grants High Bear's second motion to amend complaint.

A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, more than 21 days have passed between the date on which defendant was served with this action and the dates on which High Bear filed

her motions to amend. The court is therefore not required by the Federal Rules of Civil Procedure to grant High Bear's motions.

First the court will consider High Bear's motion to amend filed on November 20, 2013, wherein she seeks to include additional monetary losses in relation to her recent involuntary commitment. The proposed amendment merely alleges that Dooley "used state officials in order to carry out further retaliation against Plaintiff [sic]." Docket 13 at 1. High Bear alleges no facts to support this allegation. High Bear does attach documents to her motion to amend which establish that Special Agent Riley Cook petitioned for High Bear's emergency commitment, and that she was committed following a hearing for which she received notice. Docket 13-2. These facts alone do not support a finding of loss of a constitutional right. Because the court is not required to "supply additional facts" or "construct a legal theory that assumes facts that have not been pleaded," the court finds that High Bear has failed to state a claim upon which relief may be granted. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). The court therefore denies High Bear's first motion to amend.[1]

Second, High Bear's motion to amend, which was filed on December 2, 2013, seeks to hold Dooley individually liable for violating her constitutional

---

[1] To the extent High Bear's first motion to amend complaint purports to be a "motion to subpoena two hostile witnesses," such motion is denied. High Bear has offered no argument in support of such motion.

rights. Dooley has failed to demonstrate that the proposed amendment would cause him undue prejudice. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("Delay alone is an insufficient justification for denying a motion to amend; prejudice to the nonmovant must also be shown."). Because Dooley was served with notice of the original complaint, it is highly unlikely that he would be prejudiced by now having to defend against an individual-capacity claim, especially in light of the fact that Dooley has not yet filed an answer to the original complaint. *See Murphy v. State of Ark.*, 127 F.3d 750, 754–55 (8th Cir. 1997) (stating "we do not require that personal capacity claims be clearly-pleaded simply to ensure adequate notice to defendants" and noting that it would not be an abuse of discretion for a district court to grant a motion to amend to add individual-capacity claims against defendants who were already named in an action). Accordingly, the court grants High Bear's second motion to amend. High Bear must submit an amended complaint in accordance with this order on or before February 28, 2014.

### III. The court grants Dooley's motion to withdraw.

On October 25, 2013, Dooley filed a motion to dismiss. Docket 9. Dooley now requests to withdraw such motion. Docket 20. Good cause appearing, the court grants Dooley's motion to withdraw. Accordingly, it is

ORDERED that High Bear's motion to restore visitation (Docket 8) is denied.

IT IS FURTHER ORDERED that High Bear's first motion to amend complaint and subpoena two hostile witnesses (Docket 13) is denied.

IT IS FURTHER ORDERED that High Bear's second motion to amend complaint (Docket 18) is granted. High Bear must file and serve her amended complaint on or before **February 28, 2014**.

IT IS FURTHER ORDERED that Dooley's motion to withdraw (Docket 20) his motion to dismiss (Docket 9) is granted.

Dated January 28, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE